UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESSE R ABRAMS,

                    Plaintiff,

        v.

JEFFREY SHAFFER, *et al.*,

                    Defendants.

CASE NO. 3:22-cv-05714-JCC-JRC

ORDER TO SHOW CAUSE OR
AMEND COMPLAINT

This matter is before the Court on referral from the District Court and on plaintiff Jesse R Abrams' filing of a proposed complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. Dkts. 1, 5.

Plaintiff, a pretrial detainee at Kitsap County Jail, appears to be alleging several claims stemming from his June 2019 arrest. However, at least one of his claims must be raised in a habeas corpus petition rather than in a § 1983 complaint, and two other claims name improper defendants. Additionally, plaintiff's allegations lack adequate factual support overall. As such, plaintiff's proposed complaint fails to state a claim upon which relief can be granted. However,

1   the Court will grant plaintiff an opportunity to amend his proposed complaint to correct the

2   deficiencies set forth herein. If plaintiff chooses to amend his proposed complaint, he must file

3   his amended proposed complaint on the Court's form, on or before **November 18, 2022**. Failure

4   to do so or to comply with this Order will result in the undersigned recommending dismissal of

5   this matter without prejudice.

6          The Court further notes that plaintiff has filed a motion to proceed *in forma pauperis* in

7   this matter. Should plaintiff's motion be granted, he will nevertheless be required to make partial

8   payments toward the $350 filing fee. Because at present, it does not appear that plaintiff has

9   presented this Court with a viable claim for relief, the Court declines to rule on his *in forma*

10  *pauperis* motion at this time so that if plaintiff chooses not to proceed with this case, he will not

11  be required to make partial payments toward the $350 filing fee.  Instead, the Clerk shall renote

12  the *in forma pauperis* motion to November 18, 2022, to allow plaintiff to either file a viable

13  claim for relief or choose not to proceed.

14                                    **BACKGROUND**

15         Plaintiff has filed a proposed complaint alleging four claims. Count I alleges that

16  defendant Jeffrey Shaffer, a Bremerton police officer, used excessive force upon plaintiff "[p]rior

17  to [his] current incarceration." Dkt. 1 at 4–5. Count II asserts a violation of plaintiff's right to a

18  speedy trial. *Id*. at 6–7. And Counts III and IV assert claims against defendants who appear to be

19  private individuals. *Id*. at 7–9. Plaintiff names as defendants Bremerton police officer Jeffrey

20  Shaffer; Monica Capps, owner of "Monica's Social Club;" and Dawn Michelle Fleetwood, a

21  caretaker at the Salvation Army in Bremerton. *Id*. at 3.

22

23

24

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Except for plaintiff's excessive force claim, plaintiff's proposed complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

**A.     Count II.**

In Count II, plaintiff claims that defendant Shaffer violated his right to a fair and speedy trial. While the facts supporting this claim are somewhat unclear (*see* Dkt. 1 at 6–**7**), to the extent that plaintiff may be challenging the criminal proceedings against him, such a claim must be raised in a habeas petition rather than in a § 1983 complaint.

1.     Habeas Corpus versus § 1983 Action

An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. . . . With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted). "A habeas petition under section 2241 is the appropriate vehicle for a challenge to a person's detention when the person is in custody, but not pursuant to the judgment of a state court, *e.g.*, it is the appropriate basis for a challenge to detention by a

pretrial detainee." *Dyer v. Allman*, No. 18-CV-04513-RS (PR), 2018 WL 4904910, at *1 (N.D. Cal. Oct. 9, 2018) (citing *Hoyle v. Ada Cty*, 501 F.3d 1053, 1058 (9th Cir. 2007)). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991).

Thus, again while it is somewhat unclear in the proposed complaint, to the extent plaintiff is challenging the fact of his custody and seeks immediate release, his claim should properly be raised in a § 2241 petition -- not a § 1983 complaint. Plaintiff therefore fails to state a claim upon which relief can be granted.

2.    *Younger* Abstention

Regardless of whether this case is filed as a § 1983 action or a habeas petition, Count II is also inappropriate in federal court under the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cty Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

First, plaintiff is a pretrial detainee with ongoing state proceedings. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v.*

1    *Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401 U.S. at 43–44. Third, plaintiff has failed to

2    allege facts showing he has been denied an adequate opportunity to address the alleged

3    constitutional violations in the state court proceedings. Last, plaintiff raises a claim that would

4    effectively enjoin the ongoing state judicial proceeding. As *Younger* abstention applies to

5    plaintiff's claim, Count II fails to state a claim upon which relief can be granted.

6    **B.    Counts III and IV**

7          In his Counts III and IV, plaintiff appears to be alleging claims against private persons

8    who cannot be liable under section 1983. In Count III, plaintiff claims that Dawn Michelle

9    Fleetwood, a caretaker at the Salvation Army in Bremerton, violated his "right to homeless

10   housing @ Salvation Army Bremerton." Dkt. 1 at 7. While the facts supporting this claim are

11   unclear, it appears that plaintiff is asserting that defendant Fleetwood committed acts against him

12   that resulted in plaintiff losing his housing at Salvation Army. *Id*. at 7–8. In Count IV, plaintiff

13   claims that, after he filed a complaint against Monica Capps' business, she retaliated against him

14   by calling the police to complain that he was trespassing on her property. *Id*. at 9.

15         To state a claim for relief under § 1983, plaintiff must "plead that (1) the defendants acting

16   under color of state law (2) deprived [him] of rights secured by the Constitution or federal

17   statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). "Generally, private

18   persons cannot be liable under section 1983 unless their actions were 'clothed' with governmental

19   authority." *Goehring v. Wright*, 858 F. Supp. 989, 997 (N.D. Cal. 1994); *see Peng v. Mei Chin

20   Penghu*, 225 F.3d 970, 980 (9th Cir. 2003). "Merely complaining to the police does not convert a

21   private party into a state actor." *Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989).

22         The individuals named in Counts III and IV do not appear to be state actors. Plaintiff has

23   not included allegations establishing that either defendant should be considered a state actor for

24

purposes of his civil rights claims. He does not allege that either defendant possesses any type of governmental authority. Therefore, defendants Fleetwood and Capps are not proper defendants. Counts III and IV fail to state a claim upon which relief can be granted.

## CONCLUSION AND DIRECTIONS TO PLAINTIFF AND THE CLERK

Due to the deficiencies described above, the Court will not serve plaintiff's proposed complaint. If plaintiff intends to pursue this § 1983 civil rights action, he must file an amended complaint on the form provided by the Court, including only claims challenging the conditions of his confinement. Plaintiff may also file a separate § 2241 habeas petition challenging the fact or duration of his custody on the form provided by the Court, but if he does so he must clearly explain in the petition why his claims should not be dismissed as barred by *Younger*.

The amended § 1983 complaint must contain a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended proposed complaint on the form provided by the Court. The amended proposed complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended proposed complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. The Court will screen the amended proposed complaint to determine whether it states a claim upon which relief can be granted and contains factual allegations linking each defendant to the alleged

1    violations of plaintiff's rights. The Court will not authorize service of the amended proposed

2    complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

3          If plaintiff fails to file an amended proposed complaint or fails to adequately address the

4    issues raised herein on or before **November 18, 2022**, the undersigned will recommend dismissal

5    of this action pursuant to 28 U.S.C. § 1915A.

6          The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

7    civil rights complaint and to send copies of this Order and Pro Se Instruction Sheet to plaintiff.

8    The Clerk is further directed to renote plaintiff's motion to proceed *in forma pauperis* (Dkt. 5)

9    for **November 18, 2022**.

10         Dated this 13th day of October, 2022.

11

12

13                                              J. Richard Creatura
                                                Chief United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

ORDER TO SHOW CAUSE OR AMEND COMPLAINT
- 7