UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESSE R ABRAMS,

          Plaintiff,

    v.

JEFFREY SHAFFER,

          Defendant.

CASE NO. 3:22-cv-05714-JCC-JRC

ORDER ON MISCELLANEOUS MOTIONS

This matter is before the Court on referral from the District Court and on several motions filed by plaintiff. Dkts. 22, 24–28, 32, 34, 37, 41.

Plaintiff Jesse R. Abrams, proceeding *pro se*, initiated this civil rights action under 42 U.S.C. § 1983 on September 26, 2022. *See* Dkt. 1. After the Court screened the initial complaint and directed plaintiff to file an amended complaint (Dkt. 6), plaintiff filed a proposed amended complaint on October 26, 2022 (Dkt. 7). In the amended complaint, plaintiff alleges defendant assaulted him in the course of his arrest. Dkt. 9. The Court directed service of the complaint on

December 7, 2022. Dkt. 10. On that same date, the Court granted plaintiff's application to proceed *in forma pauperis*. Dkt. 8.

Defendant Jeffrey Schaefer answered the complaint on February 1, 2023. Dkt. 18. Thereafter, the Court issued a pretrial scheduling order, setting a discovery deadline of July 7, 2023, and dispositive motions deadline on August 7, 2023. Dkt. 20. Since issuing this Order, plaintiff has filed several motions relating to amending his complaint and discovery. *See* Dkts. 22, 25, 26, 28, 32, 37. Plaintiff has also filed a motion to dismiss (Dkt. 27) and a motion for summary judgment (Dkt. 24). The Court will address these motions in turn.

## DISCUSSION

### I. Motions to Amend

Plaintiff has filed a motion to amend requesting the Court correct the spelling of defendant's name to Jeffery Schaefer. Dkt. 26. As defendant concurs with this spelling (*see* Dkts. 29, 31, 40), the Court grants plaintiff's motion (Dkt. 26) and directs the Clerk to change the spelling of defendant's name to Jeffery Schaefer.

Plaintiff has also filed a motion to amend his complaint (Dkt. 34) and statement of additional grounds which seeks to add factual support to his claims (Dkt. 21). Plaintiff has not attached a proposed amended complaint to either filing. *See* Dkts. 21, 34.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) ***Amending as a Matter of Course***
> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

      (2) ***Other Amendments***
          In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Defendant filed an answer on February 1, 2023. Dkt. 18. Thus, the time has expired for filing an amendment as a matter of course and plaintiff cannot amend pursuant to Rule 15(a)(1). Further, defendant has not provided written consent allowing plaintiff to amend. *See* Dkt. 39. As such, to amend the complaint, plaintiff must have the Court's leave. *See* Fed. R. Civ. P. 15(a)(2).

As stated above, plaintiff has not filed a complete proposed amended complaint in support of his motion. *See* Dkt. 34. *See also* Local Civil Rule 15 ("A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation."). Because plaintiff has failed to file a proposed amended complaint with his motion, the motion to amend the complaint (Dkt. 34) is denied. In addition, plaintiff's statement of additional grounds (Dkt. 21), construed by the Court as a request for leave to amend his complaint, does not attach a proposed amended complaint and therefore is stricken. The Court denies the motion to amend without prejudice, meaning that plaintiff can file a new motion with a complete proposed amended complaint. If plaintiff chooses to do so, he may file such a new motion on or before May 12, 2023. Should plaintiff choose not to file a new motion for leave to amend with an attached proposed amended complaint by May 12, 2023, the case will proceed with the complaint (Dkt. 9) as the operative complaint.

The Court further notes in order to amend his complaint, plaintiff must file a complete proposed amended complaint, and not a supplement. Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten

or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint and not as a supplement.

## II.     Discovery Motions

Plaintiff has filed several motions relating to discovery. In a motion to compel discovery filed on February 17, 2023, plaintiff requests the Court direct defendant to provide him with discovery responses related to his state criminal matter. Dkt. 22. Defendant filed a response indicating that, at the time he filed the motion, plaintiff had not directed any discovery requests to defendant and, therefore, the motion to compel is premature. Dkt. 29. Defendant's counsel has also filed a declaration asserting that, as of the date of filing, plaintiff has made no attempts to confer with counsel regarding discovery. Dkt. 30. Plaintiff has not replied to defendant's response. *See* Dkt. As the record indicates plaintiff did not seek discovery related to his requests in the motion prior to filing the motion, nor made any attempt to confer with counsel regarding discovery, the Court agrees this motion is premature. The motion (Dkt. 22) is denied without prejudice to plaintiff's right to re-file the motion at a later date.

Plaintiff has also filed several "motions for subpoena" (Dkts. 25, 26, 37) and a related "motion to enforce compliance" (Dkt. 32) in which he requests the Court direct a number of officers from the Bremerton Police Department and other Kitsap County officials to come to plaintiff's place of incarceration, the Kitsap County Jail, in order to be interviewed by plaintiff. Defendant opposes the requests on the basis that they impose an undue burden on the witnesses. Dkts. 33, 36, 40, 42. However, this opposition is premature because no subpoena has yet been issued and served.

ORDER ON MISCELLANEOUS MOTIONS - 4

1       Plaintiff's requests in these motions appear to be for issuance of a subpoena for a third-
2  party witness to testify—a request that a clerk's office "must" grant, with the subpoena "signed
3  but otherwise in blank," on a party's request. *See* Fed. R. Civ. P. 45(a)(3). Plaintiff must
4  complete the subpoena before service. *See* Fed. R. Civ. P. 45(a)(3). Rule 45 contains detailed
5  requirements for the form, contents, and service of such a subpoena. Rule 45 also authorizes the
6  imposition of appropriate sanctions on a party who fails to take reasonable steps to avoid
7  imposing undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(d)(1).
8       Upon review of plaintiff's motions, the Court construes the motions for subpoena (Dkts.
9  25, 26, 37) and related motion for compliance (Dkt. 32) as motions for issuance of a subpoena
10 for deposition, form AO 88A. The Clerk will issue five appropriate blank subpoenas to plaintiff.
11      Additionally, plaintiff has filed a motion to subpoena records in which he seeks a number
12 of police reports filed by the Bremerton Police Department. Dkt. 28. Plaintiff appears to be
13 requesting that the Court issue to him a blank subpoena to produce documents, information, or
14 objects or to permit inspection of premises in a civil action, form AO 88B. *See id*. As such, the
15 Court grants the motion (Dkt. 28) and directs the Clerk to issue to plaintiff one AO 88B form.

### III.  Motion to Dismiss and Motion for Summary Judgment

Plaintiff has filed a motion to dismiss, motion to release, and motion for calendar, in which he seeks to have his state criminal matter dismissed and for him to be released from state custody. Dkt. 39. As this Court does not have jurisdiction to dismiss plaintiff's criminal matter or to release him from custody in this civil case filed under 42 U.S.C. § 1983, the motion (Dkt. 39) is denied.

Plaintiff has also filed a motion for summary judgment. Dkt. 24. However, plaintiff has captioned this motion under plaintiff's other case, *Abrams v. Enright, et al.*, no: 3:22-cv-5826-

ORDER ON MISCELLANEOUS MOTIONS - 5

BHS-JRC, and seeks summary judgment against one defendant not named in this case. *See id.* The Court strikes the motion for summary judgment (Dkt. 24) from this case, and directs the Clerk to docket this motion (Dkt. 24) in *Abrams v. Enright, et al.*, case no. 3:22-cv-5826-BHS-JRC.

**CONCLUSION**

For the above stated reasons, it is hereby ORDERED that:

1) Plaintiff's motion to amend (Dkt. 26) is granted. The Clerk is directed to change the spelling of defendant's name to Jeffery Schaefer.

2) Plaintiff's motion for leave to amend the complaint (Dkt. 34) is denied without prejudice. Plaintiff's statement of additional grounds (Dkt. 21) is stricken. Plaintiff may, however, file a new motion with a complete proposed amended complaint **on or before May 12, 2023**. If plaintiff does not file a motion for leave to amend by May 12, 2023, the case will proceed with plaintiff's complaint (Dkt. 9) as the operative complaint.

3) Plaintiff's motion to compel discovery (Dkt. 22) is denied without prejudice to plaintiff's right to re-file at a later date.

4) Plaintiff's motions for subpoena (Dkts. 25, 26, 37) and motion for compliance (Dkt. 32) are granted. The Clerk is directed to forward to plaintiff five blank subpoenas, AO Form 88A.

5) Plaintiff's motion to subpoena records (Dkt. 28) is granted. The Clerk is directed to forward to plaintiff one blank subpoena, AO Form 88B.

6) Plaintiff's motion to dismiss (Dkt. 27) is denied.

7) Plaintiff's motion for summary judgment (Dkt. 24) is stricken. The Clerk shall docket the motion for summary judgment (Dkt. 24) in *Abrams v. Enright, et al.*, case no. 3:22-cv-05826-BHS-JRC.

Dated this 11th day of April, 2023.

J. Richard Creatura
United States Magistrate Judge