UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESSE R ABRAMS,

        Plaintiff,

v.

JEFFERY SCHAEFER,

        Defendant.

CASE NO. 3:22-cv-05714-JCC-GJL

ORDER ON MISCELLANEOUS MOTIONS

This matter is before the Court on referral from the District Court and on several motions filed by Plaintiff Jesse R. Abrams. Dkts. 41, 43.

Plaintiff, proceeding *pro se*, initiated this civil rights action under 42 U.S.C. § 1983 on September 26, 2022. *See* Dkt. 1. After the Court screened the initial complaint and directed Plaintiff to file an amended complaint (Dkt. 6), Plaintiff filed a proposed amended complaint on October 26, 2022 (Dkt. 7). In the amended complaint, Plaintiff alleges Defendant Jeffery Schaefer assaulted him in the course of his arrest. Dkt. 9. The Court directed service of the complaint on December 7, 2022. Dkt. 10. On that same date, the Court granted Plaintiff's application to proceed *in forma pauperis*. Dkt. 8.

Defendant answered the complaint on February 1, 2023. Dkt. 18. Thereafter, the Court issued a pretrial scheduling order, setting a discovery deadline of July 7, 2023, and dispositive motions deadline on August 7, 2023. Dkt. 20. After this Order was issued, Plaintiff filed several motions relating to amending his complaint and discovery. *See* Dkts. 22, 25, 26, 28, 32, 37. Specifically, in Plaintiff's motion for subpoenas (Dkts. 25, 26, 37) and related motion for compliance (Dkt. 32), Plaintiff requested the Court subpoena several officers from the Bremerton Police Department. The Court addressed these motions in an Order entered on April 11, 2023. Dkt. 44. As to the motion for subpoenas and related motion for compliance, the Court construed them as a motion for issuance of a subpoena for deposition, form AO 88A, and directed the Clerk to issue to Plaintiff five appropriate blank subpoenas. *See* Dkt. 44 at 5.

In addition to those motions addressed by the Court in its April 11, 2023 Order, Plaintiff has now filed a motion to compel and motion for sanctions (Dkt. 41), as well as a motion for an order to show cause (Dkt. 43). The Court will address the motion to compel (Dkt. 41) and related motion for an order to show cause (Dkt. 43) prior to the motion for sanctions (Dkt. 41).

I.   Discussion

   A.   **Motion to Compel (Dkt. 41) & Motion for an Order to Show Cause (Dkt. 43)**

In his motion to compel, Plaintiff again requests the Court subpoena several officers from the Bremerton Police Department. Dkt. 41. In his motion for an order to show cause, Plaintiff requests the Court direct Defendant to show cause why he should not be permitted to question several officers from the Bremerton Police Department. Dkt. 43. The Court addressed these same requests from Plaintiff in its April 10, 2023 Order and directed the Clerk to issue to Plaintiff five blank subpoenas for deposition, form AO 88A. *See* Dkt. 44 at 5. The Court also directed the Clerk to issue to Plaintiff a blank subpoena to produce documents, information, or objects or to

ORDER ON MISCELLANEOUS MOTIONS - 2

permit inspection of premises in a civil action, form AO 88B. *See id*. As Plaintiff has already been granted the relief he seeks in the instant motions (*see* Dkt. 44), the Court dismisses as moot the motion to compel (Dkt. 41) and motion for an order to show cause (Dkt. 43).

### B. Motion for Sanctions (Dkt. 41)

In his motion for sanctions, Plaintiff first seeks to have unnamed individuals ("police") sanctioned for allegedly failing to respond to his "request." As Plaintiff is unclear as to whom exactly he wishes to have sanctioned or for what reason beyond an apparent failure to respond to a "request," the Court denies this request for sanctions. Dkt. 41.

Plaintiff also seeks sanctions against counsel for Defendant, Margot Cotter, Esquire, for allegedly coaching the police not to comply with questioning regarding Plaintiff's case. *Id*. Federal courts have inherent power to sanction parties and their attorneys for improper conduct and should exercise restraint and discretion in imposing sanctions. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43–46 (1991). "An award of sanctions under . . . the district court's inherent authority requires a finding of recklessness or bad faith." *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998). Here, Plaintiff has not alleged facts which show sanctions are warranted in this case. *See* Fed. R. Civ. P. 11.

Further, to the extent Plaintiff may be seeking sanctions as a result of what he claims is Defendant Enright's failure to respond to discovery, Federal Rule of Civil Procedure 37 permits a party to seek an order from the Court to compel the opposing party to produce documents if the opposing party "fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). But such a motion cannot be brought unless the parties have met and conferred in good faith to resolve their dispute without court action, and the motion "must include a

ORDER ON MISCELLANEOUS MOTIONS - 3

certification" such a conference has occurred. Fed. R. Civ. P. 37(a)(1). Plaintiff has not provided evidence he has served requests for production on Defendant Enright, and has failed to certify he met and conferred with Defendant's counsel to resolve any discovery disputes.

Further, under Rule 37, sanctions are available for failure to produce documents only if a party fails to comply with a Court's order directing a party to provide discovery. *See* Fed. R. Civ. P. 37(b)(2). Here, there is no order in this case compelling Defendant Enright to provide discovery.

For these reasons, the Court declines to impose sanctions at this time. Plaintiff's motion for sanctions (Dkt. 41) is denied.

## II. Conclusion

For the above stated reasons, it is hereby ORDERED that:

1) Plaintiff's motion to compel (Dkt. 41) is dismissed as moot.

2) Plaintiff's motion for an order to show cause (Dkt. 43) is dismissed as moot.

3) Plaintiff's motion for sanctions (Dkt. 41) is denied.

Dated this 2nd day of May, 2023.

Grady J. Leupold
United States Magistrate Judge