UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESSE R. ABRAMS,<br><br>  Plaintiff,<br><br>  v.<br><br>JEFFERY SCHAEFER,<br><br>  Defendant. | CASE NO. 3:22-cv-05714-JCC-GJL<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: October 6, 2023 |

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge Grady J. Leupold. Plaintiff Jesse R. Abrams, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action with a Complaint filed in September 2022, as amended on October 26, 2022. *See* Dkts. 1, 9. Presently before the Court is Defendant Jeffery Schaefer's Motion to Dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(c). Dkt. 50.

For the reasons set forth below, the Court concludes that Plaintiff's claims in the Amended Complaint fail as a matter of law. Accordingly, the Court recommends Defendant's

Motion to Dismiss (Dkt. 50) be **GRANTED**, and the Amended Complaint (Dkt. 9) be **DISMISSED with prejudice**.

### I.   BACKGROUND

Plaintiff initiated this lawsuit on September 14, 2022, with an Application to Proceed *In Forma Pauperis* and proposed Complaint. Dkts. 1, 1-1, 5. After an initial screening of the proposed Complaint, the Court directed Plaintiff to show cause or file an amended complaint. *See* Dkt. 6. On October 26, 2022, Plaintiff filed an Amended Complaint. Dkt. 9. On February 20, 2023, Plaintiff filed a statement of additional grounds in support of his claims. Dkt. 21.

In the Amended Complaint, Plaintiff alleges in Count 1 that Defendant Schaefer violated his rights under habeas corpus during the course of Plaintiff's arrest in Kitsap County.[1] Dkt. 9 at 4–5. Specifically, Plaintiff alleges Defendant Schaefer requested that another officer replace him as the arresting officer at the scene, which was somehow related to or the result of another unidentified man wielding a bat towards Plaintiff. *Id.* at 5. Plaintiff alleges that this other, unnamed individual assaulted him and, as a result, Plaintiff lost wages. *Id.*

In Count 2, Plaintiff alleges Defendant Schaefer violated his civil rights under § 1983 when he assaulted him on June 3 and 4, 2019, possibly during the course of an arrest. *Id.* at 6.

In Count 3, Plaintiff alleges Defendant Schaefer violated his civil rights under § 1983 when Plaintiff was prevented from entering two government buildings, including the Bremerton Municipal Court and Mayor Greg Wheeler's office. *Id.* at 7–8.

Defendant Schaefer answered the Amended Complaint on February 1, 2023. Dkt. 18. Thereafter, the Court issued a Pretrial Scheduling Order, setting a discovery deadline of July 7,

---

[1] Plaintiff does not provide a date for his arrest in the Amended Complaint; however, in his statement of additional grounds, Plaintiff states he was arraigned on August 12, 2022. *See* Dkt. 21 at 3. Additionally, in his Motion to Dismiss, Defendant Schaefer states Plaintiff was arrested on August 11, 2022. *See* Dkt. 50 at 3, n. 3.

1  2023, and dispositive motions deadline of August 7, 2023. Dkt. 20. Since the Court issued this
2  Order, Plaintiff filed various Motions, previously addressed by the Court. *See* Dkts. 22, 24–26,
3  28, 32, 34, 37, 41, 43, 44.

4  On July 28, 2023, Defendant Schaefer filed the pending Motion to Dismiss under Rule
5  12(c) of the Federal Rules of Civil Procedure. Dkt. 50. Defendant Schaefer also provided
6  Plaintiff with a Notice of Dispositive Motion. Dkt. 51. Plaintiff has not responded to the Motion
7  to Dismiss. *See* Dkt.

8  **II.    STANDARD OF REVIEW**

9  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a
10  violation of rights protected by the Constitution or created by federal statute, and (2) the
11  violation was proximately caused by a person acting under color of state law. *See Crumpton v.*
12  *Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a 42 U.S.C. § 1983 claim is
13  therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510
14  U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how
15  individually named defendants caused, or personally participated in causing, the harm alleged in
16  the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

17  Defendant moves for dismissal of Plaintiff's Amended Complaint pursuant to Federal
18  Rule of Civil Procedure 12(c) on the basis that Plaintiff has failed to state a claim under § 1983
19  and his claims are barred under the applicable statute of limitations. Dkt. 50. A motion for a
20  judgment on the pleadings "is properly granted when, taking all the allegations in the non-
21  moving party's pleadings as true, the moving party is entitled to judgment as a matter of law."
22  *Fajardo v. County of Los Angeles,* 179 F.3d 698, 699 (9th Cir. 1999). Because a Rule 12(b)(6)
23  motion to dismiss and a Rule 12(c) motion are functionally identical, the motion to dismiss
24

standard applies to Rule 12(c) motions. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

A motion to dismiss can be granted only if the plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in a complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Id.* at 471.

REPORT AND RECOMMENDATION - 4

### III. DISCUSSION

In his Motion to Dismiss, Defendant Schaefer contends Plaintiff's claims fail as a matter of law on the basis that: (1) Counts 1 and 3 fail to state a claim; and (2) Count 2 is barred by the applicable statute of limitations. Dkt. 50. The Court will discuss these arguments in turn.

**A.     Failure to State a Claim – Counts 1 and 3**

**1.     Count 1**

In Count 1 of the Amended Complaint, Plaintiff claims Defendant Schaefer violated his rights under habeas corpus. Dkt. 9 at 4–5. In his Motion to Dismiss, Defendant Schaefer argues that, even if Plaintiff were able to assert a habeas claim in a § 1983 action, he has failed to state a claim. Dkt. 50 at 2–3.

An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. . . . With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted). "A habeas petition under section 2241 is the appropriate vehicle for a challenge to a person's detention when the person is in custody, but not pursuant to the judgment of a state court, e.g., it is the appropriate basis for a challenge to detention by a pretrial detainee." *Dyer v. Allman*, No. 18-CV-04513-RS (PR), 2018 WL 4904910, at *1 (N.D. Cal. Oct. 9, 2018) (citing *Hoyle v. Ada Cty*, 501 F.3d 1053, 1058 (9th Cir. 2007)). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991).

Here, Plaintiff's claim seemingly brought under habeas corpus is not cognizable in this § 1983 action. Plaintiff's allegation against Defendant Schaefer, namely that he stepped aside

while an unnamed individual assaulted Plaintiff in his presence, does not relate to the constitutionality of Plaintiff's confinement. Rather, from a liberal reading of the Amended Complaint, it appears Plaintiff is alleging an assault claim only against this unnamed individual, as he has described the alleged attack itself and claims he has lost wages as a result. *Id*. at 5. In the instant Motion, Defendant Schaefer asserts that Plaintiff's alleged injury "was in no way caused by" him. Dkt. 50 at 3. Based upon the Amended Complaint, the Court cannot decipher what factual nexus, if any, may have existed between Defendant Schaefer and this alleged assault. As Plaintiff has failed to respond to the Motion to Dismiss, he offers no argument to the contrary.

Accordingly, the Court finds Plaintiff has failed to state a § 1983 claim against Defendant Schaefer with respect to Count 1. The Court recommends Count 1 be dismissed.

**2.     Count 3**

In Count 3 of the Amended Complaint, Plaintiff alleges his civil rights were violated when, on an unnamed date and time, he was barred from entering the Bremerton Municipal Court and the Norm Dicks Building, the location of Mayor Greg Wheeler's office. Dkt. 9 at 7–8. In his Motion to Dismiss, Defendant Schaefer contends that Plaintiff has failed to sufficiently allege his personal participation in this allegation. Dkt. 50 at 4–5. Upon review, the Court agrees that Plaintiff has failed to allege personal participation.

As set forth above, to satisfy the second prong of a 42 U.S.C. § 1983 claim, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. Further, a person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative

act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Additionally, a Section 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989); *see also Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (a section 1983 claim may not rest on the sole theory that a supervisor is liable for the acts of his or her subordinates).

Here, Plaintiff does not allege Defendant Schaefer personally participated in preventing Plaintiff from entering either the Bremerton Municipal Court or the Norm Dicks Building. *See* Dkt. 9 at 7–8. Rather, Plaintiff states only that Defendant Schaefer filed two trespassing reports against him. *Id*. at 7. Assuming these reports are related to Plaintiff's attempts to enter these buildings, not only does Plaintiff's assertion not satisfy the personal participation requirement for a § 1983 claim against Defendant Schaefer, but it also implies that Plaintiff may not have been able to legally enter these buildings in the first place.

As such, Plaintiff has failed to state a § 1983 claim against Defendant Schaefer with respect to Count 3. The Court recommends Count 3 be dismissed.

**B.     Statute of Limitations – Count 2**

In Count 2, Plaintiff alleges that his constitutional rights were violated in connection with assaults upon him committed by Defendant Schaefer on June 3 and 4, 2019. *See* Dkt. 9 at 6. Defendant Schaefer argues Count 2 is barred by the applicable statute of limitations. Dkt. 50.

A complaint must be timely filed. The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. "Thus, the federal courts will apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547

(9th Cir. 1981). In *Rose*, the Ninth Circuit determined the three-year limitations period identified in Revised Code of Washington 4.16.080(2) is the applicable statute of limitations for § 1983 cases in Washington. 654 F.2d at 547; *see* R.C.W. § 4.16.080(2).

The Court also applies the forum state's law regarding equitable tolling for actions arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash. 2d 193, 206 (Wash. 1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash. App. 657, 667 (Wash. Ct. App. 2001) (internal quotations omitted). Washington State also allows for a tolling period when a person is imprisoned on a criminal charge prior to sentencing. See R.C.W. § 4.16.190; *see also Williams v. Holevinski*, 2006 WL 216705, *2 (E.D. Wash. July 31, 2006).

Although the statute of limitations is an affirmative defense, which normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

Plaintiff filed this lawsuit on September 14, 2022. *See* Dkt. 1. Therefore, any claim arising prior to September 14, 2019, is barred by the statute of limitations. In the Amended Complaint, Plaintiff alleges the incidents giving rise to Count 2 occurred on June 3 and 4, 2019. Dkt. 9. From the allegations in the Amended Complaint, Plaintiff had actual notice of the underlying facts in this case prior to filing this lawsuit. *See id.*; *Kimes v. Stone*, 84 F.3d 1121,

1128 (9th Cir. 1996) (a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action). As such, Count 2 is time barred.

Further, Plaintiff has not shown statutory or equitable tolling is applicable. *See* Dkt. 9. Thus, the Court recommends Count 2 be dismissed.

### IV.  CONCLUSION

Based on the discussion set forth above, the Court recommends Defendant Schaefer's Motion to Dismiss (Dkt. 50) be **GRANTED** and Plaintiff's claims against him be **DISMISSED with prejudice**. Because Plaintiff has already been given the opportunity to amend his Complaint, the Court recommends that any further leave to amend be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 6, 2023,** as noted in the caption.

Dated this 20th day of September, 2023.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9